UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

                              Case No. 09-20532

v.

                              Honorable Patrick J. Duggan

ROBERT BOPP,

    Defendant.
_____/

## OPINION AND ORDER GRANTING IN PART DEFENDANT'S REQUEST FOR DOCUMENTS AND GRANTING DEFENDANT'S MOTION FOR AN EXTENSION OF TIME TO FILE HIS REPLY

Robert Bopp ("Defendant") a federal prisoner currently confined at the United States Penitentiary in Marion, Illinois, has filed a *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The government filed its answer to Defendant's § 2255 motion on October 4, 2011. Defendant subsequently moved for an extension of time to file his reply. Defendant also requested that the Court require either the government or the attorney who represented him at trial to provide him with certain documents, including: (1) transcripts of his plea and sentencing hearings; (2) the Information, plea agreement, and the government's discovery file; (3) copies of the search warrant, documents supporting the warrant, and an inventory of property seized during the search; (4) his trial counsel's billing statements and any communications between his trial counsel and the government; (5) any and all documents relating to forfeiture matters; (6) the sentencing memoranda filed by the parties; and (7) the judgment of conviction. Defendant

asserts that he requires these documents to support the claims raised in his § 2255 motion.

On January 19, 2012, the Court granted Defendant's motion for an extension of time, allowing Defendant until February 10, 2012 to file his reply. The Court's order did not address Defendant's requests for documents. Defendant has now filed a motion seeking a ruling on these requests. He also desires an additional extension of time to file his reply. Defendant requests that the Court allow him to file his reply within forty-five days after his request for documents is met, or by April 2, 2012, whichever is later.

Rule 5 of the Rules Governing Section 2255 Proceedings specifies the contents of the government's answer to a defendant's § 2255 motion. The Rule presumes that if the answer refers to transcripts, those transcripts shall be made available. *See* Rule 5(c) of the Rules Governing Section 2255 Proceedings. The government's answer refers extensively to transcripts of Defendant's plea and sentencing hearings, and the Court believes that Defendant should be provided with these transcripts so that he may attempt to rebut the government's arguments. There is no reason why Defendant should not be provided with other documents that have been filed with this Court, including the Information, plea agreement, forfeiture bill of particulars, stipulated order of forfeiture, and the parties' sentencing memoranda. The same can be said for the judgment of conviction. In this instance, the most expeditious course of action is for the Court to provide Defendant with these documents. The Court shall accordingly furnish Defendant with these copies so that he may use them in composing his reply.

The Court concludes that Defendant's remaining document requests fall within the scope of traditional discovery. "A habeas petitioner, unlike the usual civil litigant in

asserts that he requires these documents to support the claims raised in his § 2255 motion.

On January 19, 2012, the Court granted Defendant's motion for an extension of time, allowing Defendant until February 10, 2012 to file his reply. The Court's order did not address Defendant's requests for documents. Defendant has now filed a motion seeking a ruling on these requests. He also desires an additional extension of time to file his reply. Defendant requests that the Court allow him to file his reply within forty-five days after his request for documents is met, or by April 2, 2012, whichever is later.

Rule 5 of the Rules Governing Section 2255 Proceedings specifies the contents of the government's answer to a defendant's § 2255 motion. The Rule presumes that if the answer refers to transcripts, those transcripts shall be made available. *See* Rule 5(c) of the Rules Governing Section 2255 Proceedings. The government's answer refers extensively to transcripts of Defendant's plea and sentencing hearings, and the Court believes that Defendant should be provided with these transcripts so that he may attempt to rebut the government's arguments. There is no reason why Defendant should not be provided with other documents that have been filed with this Court, including the Information, plea agreement, forfeiture bill of particulars, stipulated order of forfeiture, and the parties' sentencing memoranda. The same can be said for the judgment of conviction. In this instance, the most expeditious course of action is for the Court to provide Defendant with these documents. The Court shall accordingly furnish Defendant with these copies so that he may use them in composing his reply.

The Court concludes that Defendant's remaining document requests fall within the scope of traditional discovery. "A habeas petitioner, unlike the usual civil litigant in

federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904, 117 S. Ct. 1793, 1796-97 (1997). Rule 6(a) of the Rules Governing § 2255 Proceedings provides for discovery where the defendant demonstrates "good cause." The party requesting discovery must provide the reasons for the request. *Id.* Defendant has failed to articulate any specific reasons supporting his discovery requests. The Court believes that good cause has not been established, and therefore declines to require production of the documents sought by Defendant.

Turning to Defendant's request for an extension of time to file his reply, the Court believes this request should be granted. An extension will allow Defendant adequate time to address the arguments raised in the government's answer.

Accordingly,

**IT IS ORDERED** that Defendant's request for documents is **GRANTED IN PART**. Defendant shall be provided with copies of the plea and sentencing hearing transcripts, information, plea agreement, forfeiture bill of particulars, stipulated order of forfeiture, the parties' sentencing memoranda, and the judgment of conviction. The Court declines to require production of the remaining documents sought by Defendant, as good cause has not been established.

**IT IS FURTHER ORDERED** that Defendant's motion for an extension of time to file his reply is **GRANTED**. Defendant shall file his reply within **forty-five (45) days** of the date of this Opinion and Order.

s/PATRICK J. DUGGAN

3

UNITED STATES DISTRICT JUDGE

Copies to:

Matthew A. Roth, A.U.S.A.

Robert Bopp, #43982-039
USP Marion
U.S. Penitentiary
P.O. Box 1000
Marion, IL 62959