UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,
    Plaintiff,

v.

ROBERT BOPP,
    Defendant.
_____/

Case No. 09-20532

Honorable Patrick J. Duggan

# OPINION AND ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DENYING DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255, AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY

Robert Bopp ("Defendant") a federal prisoner currently confined at the United States Penitentiary in Marion, Illinois, has filed a *pro se* motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Defendant has also filed a motion for summary judgment dated September 30, 2011, arguing that his § 2255 motion should be granted because the government failed to file a timely response. For reasons set forth below, the Court denies Defendant's motion for summary judgment and his motion to vacate, set aside, or correct sentence. The Court also declines to issue a certificate of appealability.

## I. Background

For seventeen years, Defendant was a hockey coach at Grosse Pointe South High School in Grosse Pointe, Michigan. In this position, Defendant had regular access to minors. The Federal Bureau of Investigation learned during an investigation in 2008 that Defendant had regularly invited minors to his home, provided them with alcohol, and solicited them to engage in sexual acts for money. Defendant recorded these sexual acts

on video. He had also concealed a video camera in a locker room used by high school hockey players and used it to capture explicit images of players undressing after hockey practices. On June 16, 2009, agents executed a search warrant at Defendant's home and discovered computers, photo albums, and video tapes containing child pornography.

Defendant was charged with two counts of production of child pornography and one count of attempted production of child pornography, in violation of 18 U.S.C. § 2251(a). On November 19, 2009, he pleaded guilty to these offenses pursuant to a Rule 11 Plea Agreement. Defendant also agreed to forfeit his interest in certain assets used to facilitate these crimes, including real property, a vehicle, and electronic equipment. At a sentencing hearing held on May 10, 2010, the Court determined that based on Defendant's offense level and criminal history, his Guidelines range was 235-293 months. Defendant argued that a below-Guidelines sentence was appropriate, but the Court disagreed, and imposed a sentence of 265 months. Defendant did not file an appeal.

On May 11, 2011, Defendant filed a motion to vacate, set aside, or correct sentence pursuant to § 2255. Defendant subsequently filed a motion for summary judgment. The government responded to Defendant's § 2255 motion on October 4, 2011. Defendant sought to file a reply, and requested several extensions of the time for doing so. The Court granted each of these requests, and the reply was filed on April 16, 2012.

## II. Defendant's Motion for Summary Judgment

The Court first addresses Defendant's motion for summary judgment. Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a). Defendant's motion does not attempt to make such a showing. Rather, Defendant simply notes that the government failed to file a response to his § 2255 motion by September 20, 2011. Defendant is only entitled to habeas relief if he establishes that his sentence was imposed in violation of law or is otherwise open to collateral attack. *See* 28 U.S.C. § 2255(a). The Court accordingly denies the motion for summary judgment. To the extent that Defendant seeks entry of a default judgment, the Court notes that default judgments are not available in habeas corpus proceedings. *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970).

### III. Defendant's Motion to Vacate, Set Aside, or Correct Sentence

**A. Standard of Review**

A prisoner is entitled to relief under 28 U.S.C. § 2255 "[i]f the court finds that the judgment was rendered without jurisdiction, or that the sentence imposed was not authorized by law or otherwise open to collateral attack, or that there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack . . . ." 28 U.S.C. § 2255. "To prevail on a § 2255 motion alleging constitutional error, the petitioner must establish an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings." *Watson v. United States*, 165 F.3d 486, 488 (6th Cir. 1999) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637-638, 113 S. Ct. 1710, 1721-1722 (1993)). "To prevail on a § 2255 motion alleging non-constitutional error, the petitioner must establish a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *Id.* (quoting *United States v.*

*Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990)).

Defendant bears the burden of establishing the claims asserted in his petition. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006). "It is a 'well-settled principle that to obtain collateral review relief a prisoner must clear a significantly higher hurdle than would exist on direct appeal.'" *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998) (quoting *United States v. Frady*, 456 U.S. 152, 166, 102 S. Ct. 1584, 1593 (1982)).

**B. Constitutionality of 18 U.S.C. § 2251(a)**

Defendant first asserts an as-applied challenge to the statute under which he was charged, 18 U.S.C. § 2251(a). He argues that his activity was entirely intrastate in nature, and therefore outside Congress's authority under the Commerce Clause. The Sixth Circuit has recently rejected this argument with respect to § 2251(a). In *United States v. Bowers*, 594 F.3d 522 (6th Cir. 2010), the defendant argued that "his wholly intrastate, homemade child pornography falls outside the purview of congressional legislative power." *Id.* at 524. The court disagreed, reasoning that "Congress has the ability to regulate wholly intrastate manufacture and possession of child pornography, regardless of whether it was made or possessed for commercial purposes, that it rationally believes, if left unregulated in the aggregate, could work to undermine Congress's ability to regulate the larger interstate commercial activity." *Id.* at 529 (citing *Gonzales v. Raich*, 545 U.S. 1, 22, 125 S. Ct. 2195, 2209 (2005)). The court concluded: "We cannot envision, after *Raich*, a circumstance under which an as-applied Commerce Clause challenge to a charge of child-pornography possession or production would be successful." *Id.* at 530. Defendant might disagree with the conclusion of *Bowers*, but he has failed to present any authority holding

4

that § 2251(a) is unconstitutional as applied to intrastate child pornography. *Bowers* is binding on this Court and forecloses Defendant's argument. Moreover, *Bowers* noted that other Circuits have reached the same conclusion. *See Bowers*, 594 F.3d at 528-29 (citing *United States v. McCalla*, 545 F.3d 750 (9th Cir. 2008); *United States v. Maxwell*, 446 F.3d 1210, 1216 (11th Cir. 2006); *United States v. Forrest*, 429 F.3d 73, 78-79 (4th Cir. 2005); *United States v. Jeronimo-Bautista*, 425 F.3d 1266, 1272 (10th Cir. 2005)). The Court therefore rejects Defendant's as-applied challenge to § 2251(a).

Defendant also contends that § 2251(a) is facially unconstitutional. To prevail, he must establish that there is no set of circumstances under which the statute would be valid, or that the statute lacks any "plainly legitimate sweep." *United States v. Stevens*, --- U.S. ----, 130 S. Ct. 1577, 1587 (2010) (internal quotation marks omitted). Defendant's facial challenge rests on his interpretation of the Commerce Clause, which he contends should not be read so broadly as to allow Congress to regulate production of child pornography. Defendant's reading of the Commerce Clause has been consistently rejected, and the Sixth Circuit has held that § 2251(a) may be constitutionally applied to particular defendants. *See Bowers*, 594 F.3d at 528-30. This precludes a finding that the statute is facially unconstitutional. *See United States v. Ray*, 189 F. App'x 436, 447 (6th Cir. 2006).

**C. Challenges to Defendant's Sentence**

Defendant asserts a number of challenges to his sentence. He claims that: (1) the Court relied on incorrect information in arriving at its sentence; (2) his criminal history score was overstated; (3) his sentence should have incorporated a two-level reduction for lack of intent to distribute pornographic material; and (4) his sentence was procedurally

5

and substantively unreasonable.

The government argues that Defendant procedurally defaulted these claims by failing to raise them on appeal. "Section 2255 is not a substitute for a direct appeal, and thus a defendant cannot use it to circumvent the direct appeal process." *Regalado v. United States*, 334 F.3d 520, 528 (6th Cir. 2003) (citing *Frady*, 456 U.S. at 167-68, 102 S. Ct. at 1594). "[W]here the defendant has failed to assert his claims on direct appeal and thus has procedurally defaulted, in order to raise them in a § 2255 motion he also must show either that (1) he had good cause for his failure to raise such arguments and he would suffer prejudice if unable to proceed, or (2) he is actually innocent." *Id.* (citing *Bousley v. United States*, 523 U.S. 614, 622, 118 S. Ct. 1604, 1611 (1998)). Defendant has not claimed that he is actually innocent; the Court accordingly applies the cause-and-prejudice test to each of his claims.

The Court first considers Defendant's claim that the Court relied on inaccurate information in arriving at his sentence. Defendant disputes the number of victims with respect to Count III, which involved the videotaping of hockey players undressing in the locker room. The government claims that there were nine victims, resulting in a total offense level of 38 and a Guidelines range of 235-293 months. Defendant argues that some of the individuals on the videotapes were not minors at the time, and thus should not have been included in the count of victims. He claims that the government rejected his offer to view the videotapes and identify the victims so as to allow confirmation of each victim's age. Defendant asserts that there were only two minor victims, which would lead to a total offense level of 37 and a Guidelines range of 210-262 months. Defendant's

6

claim, however, is based upon his own speculation that subsequent investigation would lead to a finding of only two minor victims.[1] This is insufficient to overcome procedural default, as Defendant bears the burden of showing actual prejudice. *See Bousley*, 523 U.S. at 622, 118 S. Ct. at 1611. Moreover, Defendant has failed to explain why he did not raise this argument on direct appeal. Defendant was obviously aware of the dispute concerning the number of victims, as the parties discussed this issue at the sentencing hearing. The Court believes that Defendant has failed to overcome the procedural default with respect to this claim.

Defendant asserts that his criminal history score was overstated. The Court need not resolve the issue of procedural default with respect to this claim, because the claim plainly lacks merit. *See Lambrix v. Singletary*, 520 U.S. 518, 525, 117 S. Ct. 1517, 1523 (1997) (procedural default is ordinarily addressed first, but resolution on the merits is permitted where the issue is easily resolved). The calculation of Defendant's Guidelines range used a Criminal History Category of I, which reflects that Defendant had no criminal history. Thus, his criminal history could not have been overstated. Defendant argues that he was treated as if he had a serious felony on his record. The Court notes that if Defendant had previously been convicted of a felony, the Sentencing Guidelines would have provided a higher range than the 235 to 293 months used in this case.

Defendant asserts that he is entitled to a two-level reduction based on lack of intent

---

[1] The Court also notes that the presentence investigation report indicates that a total of eleven victims from the locker room videotapes were identified. Defendant has not disputed this, nor has he provided any reason for concluding that the government could not confirm the ages of the identified victims.

7

to distribute pornographic material. The Sentencing Guidelines do not provide such an adjustment. The Guidelines state that an *increase* of two levels is warranted where the offense involves distribution, *see* United States Sentencing Guidelines § 2G2.1(b)(3), but this adjustment was not used in determining Defendant's sentence.

Defendant claims that his sentence was procedurally unreasonable. This claim also lacks merit. The Sixth Circuit has summarized the test of procedural reasonableness as follows:

> [I]n reviewing sentences for procedural reasonableness we must ensure that the district court: (1) properly calculated the applicable advisory Guidelines range; (2) considered the other § 3553(a) factors as well as the parties' arguments for a sentence outside the Guidelines range; and (3) adequately articulated its reasoning for imposing the particular sentence chosen, including any rejection of the parties' arguments for an outside-Guidelines sentence and any decision to deviate from the advisory Guidelines range.

*United States v. Bolds*, 511 F.3d 568, 581 (6th Cir. 2007). As discussed above, Defendant has not established an error in the calculation of the Guidelines range, which the Court determined to be 235-293 months. At the sentencing hearing, the Court indicated that it had considered the factors set forth in 18 U.S.C. § 3553, including the nature and circumstances of the offense and the history and characteristics of the defendant. Sentencing Hr'g Tr. 36-37. The Court also indicated that it had considered the parties' arguments and found no basis for a sentence below the Guidelines range, given the serious nature of the offense. Sentencing Hr'g Tr. 37. The Court arrived at a sentence of 265 months, which is within the Guidelines range. The Court believes that it adequately articulated the reasoning for its sentence, and notes that a sentence within the Guidelines range does not necessarily require a lengthy explanation. *See Rita v. United States*, 551

U.S. 338, 356, 127 S. Ct. 2456, 2468 (2007). The Court concludes that Defendant's sentence was procedurally reasonable.

Defendant also claims that his sentence was substantively unreasonable. The Court concludes that this claim lacks merit. "The essence of a substantive-reasonableness claim is whether the length of the sentence is 'greater than necessary' to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a)." *United States v. Tristan-Madrigal*, 601 F.3d 629, 632-33 (6th Cir. 2010). "'A sentence is substantively unreasonable if the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors or gives an unreasonable amount of weight to any pertinent factor.'" *Id.* at 633 (quoting *United States v. Walls*, 546 F.3d 728, 736 (6th Cir. 2008)). "'[A] sentence that falls within the Guidelines range warrants a presumption of reasonableness in this circuit.'" *Id.* (quoting *United States v. Herrera-Zuniga*, 571 F.3d 568, 590 (6th Cir. 2009)). In this case, the Court imposed a sentence within the Guidelines range after considering the § 3553(a) factors. This sentence is entitled to a presumption of reasonableness, and Defendant has not presented any significant arguments rebutting this presumption. The Court considered Defendant's argument in favor of a sentence below the Guidelines range, but concluded that such a sentence was not justified in this case. As the government has noted, the evidence established Defendant's extensive involvement with the production of child pornography. Defendant used his position of authority as a hockey coach to access and exploit minors. The Court believes that the Guidelines range appropriately reflected the serious nature of Defendant's offenses and provided sufficient deterrence to Defendant and others who might be inclined to engage in such crimes. The

9

Court rejects Defendant's contention that his sentence was substantively unreasonable.

**D. Withdrawal of Plea**

Defendant argues that he should be permitted to withdraw his plea. After the court imposes its sentence, a defendant may not withdraw his guilty plea, and the plea may be set aside only on appeal or by collateral attack. Fed. R. Crim. P. 11(e). Defendant did not appeal his conviction, but now argues that his plea was not knowing and voluntary.

"[G]uilty pleas 'not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences.'" *Ruelas v. Wolfenbarger*, 580 F.3d 403, 408 (6th Cir. 2009) (quoting *Brady v. United States*, 397 U.S. 742, 748, 90 S. Ct. 1463, 1469 (1970)). A plea is considered voluntary where it was not "'extracted by any sort of threats or violence, nor obtained by any direct or implied promises, however slight, nor by the exertion of any improper influence.'" *Brady*, 397 U.S. at 753, 90 S. Ct. at 1471 (quoting *Bram v. United States*, 168 U.S. 532, 542-43, 18 S. Ct. 183, 187 (1897)). A plea is considered knowing and intelligent where "the defendant understands his or her applicable constitutional rights, the nature of the crime charged, the consequences of the guilty plea, and the factual basis for concluding that the defendant committed the crime charged." *United States v. Webb*, 403 F.3d 373, 378-79 (6th Cir. 2005) (citing *United States v. Goldberg*, 862 F.2d 101, 106 (6th Cir. 1988)).

The plea colloquy here indicates that Defendant's plea was voluntary, knowing, and intelligent. At the plea hearing, the Court inquired to ensure that Defendant understood the charges and potential penalties he faced, as well as the rights he waived by pleading

guilty.  The Court also asked Defendant whether he had reviewed the terms and conditions of the plea agreement with his attorney, and understood those terms.  Defendant answered in the affirmative to each of these questions.  *See* Plea Hr'g Tr. 3-6.  The Court asked if Defendant understood that at sentencing, he could withdraw his guilty plea if the Court's sentence exceeded the defense's recommendation.  Plea Hr'g Tr. 7-8.  Defendant stated that he understood this.  The Court proceeded to ask Defendant if any person had threatened him or forced him to plead guilty, or if he had entered into any other agreement that persuaded him to plead guilty, and Defendant indicated that this had not occurred.  Plea Hr'g Tr. 8.  In response to further questioning from the Court, Defendant stated that he was pleading guilty freely and voluntarily, and because he believed he was guilty of the offense charged.  Plea Hr'g Tr. 8.  The Court was satisfied that Defendant's plea was voluntarily given and that there was a factual basis for the plea.  Plea Hr'g Tr. 17.

Defendant does not dispute his statements at the plea hearing, but instead argues that he had "acquiesced blindly to his attorney's advice" by answering the Court's questions in the affirmative.  Def.'s Reply Br. 8.  Defendant contends that his statements were false, as he did not review the plea agreement prior to the hearing, did not understand its terms, and did not understand that he could withdraw his plea in the event that the Court imposed a sentence greater than 262 months.  "A defendant's statements on the record during a plea colloquy that he or she understands the nature and the consequences of the plea provide strong evidence that a plea was intelligent and knowing." *Boyd v. Yukins*, 99 F. App'x 699, 703 (6th Cir. 2004).  "Solemn declarations in open court" that a plea was voluntary, knowing, and intelligent "carry a strong presumption of verity." *Blackledge v. Allison*,

11

431 U.S. 63, 74, 97 S. Ct. 1621, 1629 (1977). Reliance on the defendant's subjective impression rather than the record would "render[] the plea colloquy process meaningless, for any convict who alleges that he believed the plea bargain was different from that outlined in the record could withdraw his plea, despite his own statement during the plea colloquy . . . indicating the opposite." *Ramos v. Rogers*, 170 F.3d 560, 566 (6th Cir. 1999). The plea colloquy process exists in part to prevent defendants from making such claims. *Id.* "'Where the court has scrupulously followed the required procedure, the defendant is bound by his statements in response to that court's inquiry.'" *Id.* (quoting *Baker v. United States*, 781 F.2d 85, 90 (6th Cir. 1986)). The Court asked Defendant a series of simple questions to ensure that he was pleading guilty voluntarily and that he understood the consequences of this decision. The Court believes that Defendant is bound by his answers to these inquiries and may not collaterally attack his plea on the basis of undisclosed reservations.

Defendant also argues that at the sentencing hearing, he felt "trapped" into following his attorney's advice to state that he had no objections to the sentence imposed. Again, the Court cannot see any reason why Defendant should not be bound to his responses to the Court's questions. Defendant did not ask to withdraw his plea after learning his sentence, even though he had been informed that he had the right to do so. Defendant voiced no objection at sentencing and did not file an appeal. He cannot now revisit that opportunity.

## E. Ineffective Assistance of Counsel

Defendant contends that his attorney was ineffective, as he failed to ensure that Defendant's appeal rights were maintained and failed to argue that the sentencing

guidelines are not based on empirical data. To show that he was denied the effective assistance of counsel under federal constitutional standards, Defendant must satisfy a two-prong test. First, he must show that, considering all of the circumstances, counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). In so doing, Defendant must overcome a strong presumption that counsel's behavior lies within the wide range of reasonable professional assistance. *Id.* at 689, 104 S. Ct. at 2065. In other words, Defendant "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689, 104 S. Ct. at 2065 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S. Ct. 158, 164 (1955)). Second, Defendant must show that the deficient performance prejudiced his defense. *Id.* at 687, 104 S. Ct. at 2064. To demonstrate prejudice, Defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694, 104 S. Ct. at 2068. The prejudice inquiry "focuses on the question whether counsel's deficient performance renders the result of the trial unreliable or the proceeding fundamentally unfair." *Lockhart v. Fretwell*, 506 U.S. 364, 372, 113 S. Ct. 838, 844 (1993).

Defendant's attorney did not perform deficiently by failing to preserve Defendant's right to appeal. In his plea agreement, Defendant specifically agreed to waive his right to appeal his conviction and sentence. Defendant's counsel confirmed this on the record at the plea hearing. Plea Hr'g Tr. 17. In addition, at the sentencing hearing, the Court asked Defendant if he was aware that he had waived appeal, assuming the sentence imposed was

within the Guidelines range. Defendant indicated that he was aware of this. Sentencing Hr'g Tr. 44. The Court concludes that Defendant's attorney did not perform deficiently when representing him, as Defendant knowingly chose to waive his right to appeal in exchange for the benefits of the plea agreement.

Defendant alleges that his attorney was ineffective for failing to argue that other courts have rejected sentences calculated under the Sentencing Guidelines because the Guidelines were based on legislative enactments designed to increase the length of sentences, rather than on empirical data. The Sixth Circuit recently addressed and rejected this argument in *United States v. Brooks*, 628 F.3d 791 (6th Cir. 2011). The Court held that "the fact that a district court *may* disagree with a Guideline for policy reasons and *may* reject the Guidelines range because of that disagreement does not mean that the court *must* disagree with that Guideline or that it *must* reject the Guidelines range if it disagrees." *Id.* at 800 (emphasis in original). The court also noted that no authority requires the district court to examine the underlying bases for a Guideline before imposing a sentence. *Id.* Thus, the Court's application of the Guidelines as they were enacted does not render Defendant's sentence unreasonable. Defendant's counsel did not perform deficiently by failing to raise this argument. Defendant's claim also fails for lack of prejudice, as he has not shown that raising this argument would have resulted in a different sentence.

Defendant asserts that his counsel was ineffective for failing to inform him that he had a right to a jury trial with respect to the forfeiture of property used in the commission of his offenses. Def.'s Reply Br. 17. This claim is undermined by the parties' stipulated order of forfeiture, which states in pertinent part:

14

> [I]n entering into this Stipulated Order of Forfeiture, Defendant Robert Bopp expressly waives his right to have a jury determine the forfeitability of his interest in the subject property as provided by Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure. Defendant Robert Bopp knowingly, voluntarily, and intelligently waives any challenge to the above-described forfeiture based upon the Excessive Fines Clause of the Eighth Amendment of the United States Constitution.

Stipulated Prelim. Order of Forfeiture ¶ 8, Dkt. # 20. Defendant signed this stipulated order on May 10, 2010, and is therefore presumed to have been aware of his right to a jury trial with respect to the forfeiture. Defendant cannot establish that his counsel performed deficiently by failing to inform him of this right. Moreover, Defendant has failed to show that a different outcome would have resulted if counsel had informed him of his right to a jury trial. Property is subject to forfeiture if it is used in the commission of an offense set forth under 18 U.S.C. § 2251 involving a visual depiction. *See* 18 U.S.C. § 2253. Given that Defendant pleaded guilty to multiple violations of § 2251(a), it would be speculative to assume that a demand for a jury trial would have allowed Defendant to avoid forfeiture. The Court therefore concludes that Defendant's claims of ineffective assistance of counsel lack merit.

## IV. Conclusion

For the reasons set forth above, the Court concludes that Defendant's motion to vacate, set aside, or correct sentence should be denied.

When a district court enters a final order adverse to a § 2255 movant, it must issue or deny a certificate of appealability. Rule 11(a) of the Rules Governing Section 2255 Proceedings. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To

demonstrate entitlement to a certificate of appealability, a movant must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1603-04 (2000) (internal quotation marks and citation omitted). Stated differently, the movant must show "that reasonable jurists would find the . . . court's assessment of the constitutional claims debatable or wrong." *Id.* Defendant has failed to establish even a colorable right to relief. The Court does not believe that reasonable jurists would find the Court's assessment of the merits of Defendant's claims debatable or wrong.

Accordingly,

**IT IS ORDERED** that Defendant's motion for summary judgment is **DENIED**;

**IT IS FURTHER ORDERED** that Defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is **DENIED**;

**IT IS FURTHER ORDERED** that the Court **DECLINES** to issue Defendant a certificate of appealability.

                                             s/PATRICK J. DUGGAN
                                             UNITED STATES DISTRICT JUDGE

Copies to:
Matthew A. Roth, A.U.S.A.

Robert Bopp, #43982-039
USP Marion
U.S. Penitentiary
P.O. Box 1000
Marion, IL 62959